# IN THE COURT OF APPEALS OF IOWA

No. 16-0002
Filed July 27, 2016

**IN THE INTEREST OF C.A.,**
**Minor Child,**

**C.A., Grandmother,**
    Petitioner-Appellee,

**V.A., Mother,**
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson, Judge.

A mother appeals the termination of her parental rights in a private termination action. **AFFIRMED.**

Jami J. Hagemeier of Williams & Hagemeier, P.L.C., Des Moines, for appellant.

Allison M. Steuterman of Brick Gentry, P.C., West Des Moines, for appellee.

Jennifer L. Meyer of Jennifer Meyer Law, P.C., Ankeny, for minor child.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A mother appeals the termination of her parental rights in a private termination action. We conclude the juvenile court properly terminated V.A.'s parental rights on the ground of abandonment and termination is in the best interests of the child. We affirm the decision of the juvenile court.

## I.     Background Facts & Proceedings

V.A., mother, and R.P., father, are the parents of a child who was born in 2003.[1]     After the child's birth V.A. and the child lived with the maternal grandmother, C.A. When the child was one year old, V.A. left the child in the care of C.A. and moved to Texas with a boyfriend for a period of time. This began a pattern where V.A. would intermittently return to live with C.A. and the child, but the child continuously remained in the care of C.A. The relationship between V.A. and C.A. became strained after V.A. stole $15,000 from C.A.

In 2013, V.A. was convicted of two counts of second-degree theft, and she was placed on probation. During her probation, in 2014, she was convicted of two counts of identity theft, two counts of forgery, second-degree theft, and extortion. V.A. was sentenced to a total of twenty-seven years in prison. Besides committing criminal offenses, V.A. also has a long history of substance abuse and mental health issues.

On May 12, 2015, C.A. filed a petition seeking to terminate V.A.'s parental rights on the ground of abandonment under Iowa Code section 600A.8(3)(b) (2015). A termination hearing was held on November 3, 2015. C.A. testified she

---

[1]   The father consented to termination of his parental rights and is not a party to this appeal.

had taken care of the child all of his life and she was interested in adopting him. She stated the last time V.A. lived with her and the child was four years ago. She also stated when V.A. was living with them, C.A. still provided the majority of the care for the child. C.A. testified V.A. purchased furniture for her, but stated this was to repay her for the $15,000 previously stolen, not to provide support for the child. V.A. testified she paid child support as she was able. She stated she wrote letters to the child while she was in prison but believed the child did not usually receive them. V.A. stated she wanted to be able to visit the child while she was in prison and to rebuild a relationship with him when she was released.

The juvenile court entered an order on December 2, 2015, terminating V.A.'s parental rights pursuant to section 600A.8(3)(b). The court determined V.A. was not a credible witness. The court found, "It is clear from testimony that while [V.A.] did have some contact with [the child] both before and while incarcerated and has paid some child support, neither her contact or her financial support has been on a regular basis." The court also found, "The record is void of testimony that [V.A.] engaged in regular or even monthly visits prior to her incarceration." The court stated, "[V.A.] has come in and out of [the child's] life causing chaos and disruption. For twelve years [V.A.] has not assumed a parental role and has failed to take responsibility for any parental duties as it relates to her son." The court concluded she had abandoned the child and termination was in the child's best interests. V.A. appeals the decision of the juvenile court.

## II.    Standard of Review

Our review in matters pertaining to termination of parental rights under Iowa Code chapter 600A is de novo.  *In re D.E.E.*, 472 N.W.2d 638, 639 (Iowa Ct. App. 1991).  A termination order must be supported by clear and convincing proof.  Iowa Code § 600A.8.  "Clear and convincing evidence is evidence that leaves 'no serious or substantial doubt about the correctness of the conclusion drawn from it.'"  *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002) (citation omitted).  In termination proceedings, our paramount consideration is the best interests of the child.  Iowa Code § 600A.1.

## III.    Sufficiency of the Evidence

V.A. claims C.A. has not shown she abandoned her child within the meaning of section 600A.8(3)(b).  Iowa Code section 600A.8(3)(b) provides:

> If the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

The phrase, "[t]o abandon a minor child," is defined as "a parent . . . rejects the duties imposed by the parent-child relationship, . . .  which may be evinced by the person, while being able to do so, making no provision or making only a marginal

effort to provide for the support of the child or to communicate with the child." Iowa Code § 600A.2(19).

On our de novo review of the record, we determine there is clear and convincing evidence to support a finding V.A. abandoned the child. The evidence shows V.A. rejected the duties imposed by the parent-child relationship and throughout the child's life was content to have her mother, the child's grandmother, C.A., act as the child's parent. She did not provide reasonable financial support for the child. For the years 2013 to 2015, V.A. provided only $709.28 in support. Additionally, V.A. did not engage in regular communication with the child. She sent the child letters from prison, but prior to her incarceration she had, at best, sporadic contact with the child. We conclude the juvenile court properly terminated V.A.'s parental rights pursuant to section 600A.8(3)(b).

## IV.    Best Interests

V.A. claims it is not in the best interests of the child to terminate her parental rights. She testified she wanted to remain a part of the child's life and rebuild her relationship with him once she was released from prison. Section 600A.1 provides:

> The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent. In determining whether a parent has affirmatively assumed the duties of a parent, the court shall consider, but is not limited to consideration of, the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life.

The evidence shows V.A. did not "affirmatively assume the duties encompassed by the role of being a parent" to her child. *See* Iowa Code §

600A.1.  V.A. has not established or maintained a place of importance in the child's life.  Throughout the child's life she has pursued her own interests and left the care of the child to C.A.  We conclude termination of V.A.'s parental rights is in the best interests of the child.

We affirm the decision of the juvenile court.

**AFFIRMED.**